IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

UNITED STATES OF AMERICA                                    PLAINTIFF

v.                              Case No. 1:16-cr-10014

SPENCER L. WARD                                             DEFENDANT

## <u>ORDER</u>

Before the Court is Defendant Spencer L. Ward's Motion for Relief (ECF No. 87); Motion for Credit for Jail Time Spent in Federal Custody (ECF No. 88); and Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (ECF No. 89). The Court finds that no response is necessary and that this matter is ripe for consideration.

## BACKGROUND

On June 22, 2018, the Court sentenced Defendant to forty-two (42) months' imprisonment after he pleaded guilty to one count of possession of marijuana with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(d). In imposing sentence, the Court applied a two-point enhancement to Defendant's base offense level pursuant to United States Sentencing Guidelines § 2D1.1(b)(1) because Defendant was in possession of a dangerous weapon at the time of his offense.

On September 12, 2019, Defendant filed a Motion for Relief (ECF No. 87), which moves the Court to correct the calculation for his time served in federal custody so that he would receive credit for twenty-one (21) months of time served in federal custody prior to his sentencing. In this motion, Defendant also moves the court to remove the two-point dangerous weapon enhancement from his sentence. Defendant states that because of the dangerous weapon enhancement, he cannot receive a twelve (12) month reduction to his sentence for successfully completing a drug rehabilitation program. Defendant further states that he has exhausted his administrative remedies

by raising both issues with the Bureau of Prisons ("BOP").

On July 10, 2019, Defendant filed a Motion for Credit for Jail Time Spent in Federal Custody, arguing substantially the same points that he argued in his previous motion. (ECF No. 88). On July 22, 2019, Defendant filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence, again asking for credit for time served in federal custody prior to his sentencing.[1] (ECF No. 89).

## DISCUSSION

The Court will first address Defendant's request to remove the United States Sentencing Guidelines § 2D1.1(b)(1) dangerous weapon enhancement from his sentence. Then, the Court will address whether it can grant Defendant any additional credit for time served in federal custody.

### I. Sentence Enhancement Pursuant to USSG § 2D1.1

Defendant pleaded guilty to one count of possession of marijuana with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(d). United States Sentencing Guidelines § 2D1.1(b)(1) requires the court to increase a defendant's base offense level by two levels if a defendant possess a dangerous weapon, including a firearm, at the time of the offense. USSG § 2D1.1(b)(1)

Upon review, the Court is satisfied that it properly applied the dangerous weapon enhancement. Defendant was found to be in possession of a dangerous weapon—a firearm—at the time of his offense.[2] Therefore, the Court declines to remove the United States Sentencing

---

[1] Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence was filed on a preprinted form and does not request or set out any grounds for *habeas corpus* relief. Rather, Defendant reiterates the same arguments from his previous motions, requesting credit for time served in federal custody. Consequently, the Court construes Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (ECF No. 89) as an additional motion requesting credit for time served in federal custody.

[2] When police encountered Defendant, they detected the odor of marijuana and searched two nearby tool bags. In one tool bag, the police found multiple bags of marijuana, a set of digital scales, two packs of rolling papers, a tin case containing marijuana, two loose Federal .380 Auto shells, and $81.25 in cash. In the other tool bag, police found a Ruger LCP .380 pistol.

Guidelines § 2D1.1(b)(1) dangerous weapon enhancement from Defendant's sentence.

## II. Credit for Time Served in Federal Custody

To the extent Defendant's motions request credit for time served in federal custody, the Court is unable to grant relief. The BOP is the entity that determines when a federal sentence commences and whether a defendant should receive credit for time spent in custody. *See United States v. Iversen*, 90 F.3d 1340, 1344-45 (8th Cir. 1996). Administrative procedures exist within the BOP to review an alleged failure to credit the time a defendant has served. *See Mathena v. United States*, 577 F.3d 943, 946 (8th Cir. 2009). Once these administrative remedies are exhausted, prisoners may then seek judicial review of any jail-time credit determination by filing a habeas petition under 28 U.S.C. § 2241. *Id.*; *United States v. Tinsdale*, 455 F.3d 885, 888 (8th Cir. 2006). A section 2241 petition challenging the BOP's execution of a sentence must be filed "in either the district where [the petitioner] is confined, in the United States District Court for the District of Columbia, or any district in which the BOP maintains a regional office." *United States v. Chappel*, 208 F.3d 1069, 1069 (8th Cir. 2000).

Giving Defendant the benefit of the doubt that he did indeed exhaust his administrative remedies, the Western District of Arkansas is the incorrect venue to make this request. The envelopes in which Defendant mailed his motions indicate that he is currently incarcerated in FCI Forrest City, in Forrest City, Arkansas. Moreover, the BOP does not maintain a regional office within the Western District of Arkansas.[3] Therefore, the Western District of Arkansas, El Dorado Division, is not the proper venue for Plaintiff's motions because it is not the district in which Defendant is confined, a district where a regional BOP office is located, or the United States

---

[3] The BOP maintains six regional offices, located in Philadelphia, Pennsylvania; Annapolis Junction, Maryland; Kansas City, Kansas; Atlanta, Georgia; Grand Prairie, Texas; and Stockton, California. *See* Federal Bureau of Prisons, *Offices*, https://www.bop.gov/about/facilities/offices.jsp (last accessed October 3, 2019).

District Court for the District of Columbia. Accordingly, the Court cannot grant the relief Defendant seeks.

## CONCLUSION

For the above-stated reasons, the Court finds that Defendant's Motion for Relief (ECF No. 87); Motion for Credit for Jail Time Spent in Federal Custody (ECF No. 88); and Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (ECF No. 89) should be and hereby are **DENIED**.

**IT IS SO ORDERED**, this 7th day of October, 2019.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge